THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re VALVE ANTITRUST LITIGATION | CASE NO. MC24-0016-JCC<br><br>ORDER |

This matter comes before the Court on Valve Corporation and Riot Games, Inc.'s joint submission[1] regarding Riot's compliance with Valve's subpoena *duces tecum* (Dkt. No. 1). According to their submission, Valve asks the Court to compel Riot's production. (*Id.*) Valve seeks, amongst other things, documents establishing Riot's game sales from January 1, 2003, to present. (*See generally* Dkt. No. 1-2.) Valve contends it needs this information to defend against a putative antitrust class action in this District, where Valve is alleged to charge supracompetitive rates in the P.C. game market. (*See generally id.*) (citing *In re Valve Antitrust Litigation,* Case No. C21-0563-JCC, Dkt. No. 1 (W.D. Wash. 2021).

---

[1] The submission, which Valve and Riot made to the Central District of California pursuant to its Local Rule 37-2, is ostensibly a Rule 37(a)(1) motion, where Valve seeks to compel Riot's production. The submission was transferred to this District pursuant to Federal Rule of Civil Procedure 45(f). (*See* Dkt. No. 22.)

But as Riot rightly points out, Valve's request for this Court's involvement is untimely. (*See* Dkt. No. 1 at 19–26). Valve served its subpoena to Riot on January 18, 2023, and Riot lodged its objections February 1, 2023. (*See* Dkt. No. 1 at 19.) At the time, the cut-off for all fact discovery, including third-party discovery, was October 31, 2023. *See Valve Antitrust Litigation*, Case No. C21-0563-JCC, Dkt. No. 8. The Court later extended this to November 30, 2023. *See id.* Dkt. No. 130. Nevertheless, Valve waited until December 1, 2023, before seeking a court's involvement in its discovery dispute with Riot. (*See* Dkt. No. 1-22 at 3) (referencing C.D. of Cal. Local Rules 37-2.1–2.4.)

Valve contends that an extension of the deadline to take certain depositions also extended the fact discovery cut-off. (*See* Dkt. No. 1 at 5 n.2) (citing *Valve Antitrust Litigation*, Case No. C21-0563-JCC, Dkt. No. 172). In the stipulation at issue, the parties "request[ed] that the Court enter [an order] extending the *deadline to complete depositions of fact witnesses as stipulated*." *Valve Antitrust Litigation*, Case No. C21-0563-JCC, Dkt. No. 172 at 3 (emphasis added). While they also stipulated to nonparty "productions after November 30, 2023," the parties did not ask the Court to enter an order endorsing this change. *Id.* So it did not. And according to this District's local rules, a motion to compel must be served "on or before the discovery deadline." LCR 16(b)(3).[2] Therefore, Valve's submission is indeed untimely.

For this reason, the Court declines to reach the merits of Valve's request. *See Zouaoui v. Gonzales*, 133 Fed. App'x 401, 403 (9th Cir. 2005) (declining to consider untimely motion); *see also State Farm Fire and Cas. Co. v. Lang*, 2022 WL 18584199, slip op. at 2 (D.S.C. 2022) (declining to consider untimely motion to compel).

The Clerk is DIRECTED to close this case.

//

//

---

[2] This comports with the local rules in the Central District of California, where this dispute arose. *See* C.D. Cal. Local Rule 7-12.

ORDER
MC24-0016-JCC
PAGE - 2

1   DATED this 27th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE